

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-3-2006

# Munoz-Valencia v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1257

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Munoz-Valencia v. USA" (2006). *2006 Decisions.* Paper 1485.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1485

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1257

GUILLERMO MUNOZ-VALENCIA,
                                          Appellant

v.

UNITED STATES OF AMERICA

On Appeal from the District Court of the Virgin Islands
Division of St. Thomas and St. John
D.C. Miscellaneous No. 02-mc-00019
(Honorable Thomas K. Moore)

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 5, 2005

Before:  SCIRICA, *Chief Judge*, McKEE and NYGAARD, *Circuit Judges*

(Filed March 3, 2006)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Petitioner Guillermo Munoz-Valencia appeals the District Court's order dismissing his motion to set aside forfeiture of $89,465 in U.S. currency for lack of standing.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We will affirm.

Briefly stated, the facts are as follows: Munoz-Valencia, a Columbian citizen residing in New York, was arrested on December 13, 2000 at the Cyril E. King Airport on St. Thomas prior to boarding a plane headed to New York. He was arrested for carrying $89,465 in undeclared U.S. currency and using false travel documents. Federal agents seized the money and initiated administrative forfeiture proceedings against it. Munoz-Valencia admitted he was paid $7,000 to travel from New York to St. Thomas to pick up a large sum of money, which was delivered to his hotel room in St. Thomas by a woman identified only as Angela. He also admitted he does not own the money agents seized from him and does not know to whom he was to deliver the money.

Munoz-Valencia filed a motion in the District Court of the Virgin Islands to set aside the forfeiture pursuant to 18 U.S.C. § 983(e), claiming he did not receive written notice as required by 18 U.S.C. § 983(a)(1)(A)(i). In supplemental briefing to the District Court, the government contended Munoz-Valencia lacked Article III standing to challenge the forfeiture. Relying primarily on a Fifth Circuit case, *United States v. $321,470, U.S. Currency,* 874 F.2d 298, 304 (5th Cir. 1989), the District Court found Munoz-Valencia lacked standing and dismissed the motion.

Munoz-Valencia claims standing as bailee of the seized money. The government contends unexplained naked possession is insufficient to establish standing, emphasizing Munoz-Valencia's lack of control over the money and his inability to identify the owner or the person to whom he was to deliver it.

2

Article III standing requires Munoz-Valencia to show an interest in the property sufficient to create a "case or controversy." *United States v. Contents of Accounts Nos. 3034504504 and 144-07143*, 971 F.2d 974, 984 (3d Cir. 1992). In the administrative forfeiture context, we have found standing where the claimant shows colorable ownership or colorable possession of the forfeited property. *Id.* at 985. However, to find the ownership or possessory interest colorable, we have generally required a showing that the claimant independently exercised some dominion or control over the property. Thus, in *Contents of Accounts Nos. 3034504504 and 144-07143*, we distinguished colorable ownership from a claim of bare legal title, finding the latter insufficient to establish standing in a corporation deemed to be a straw owner, where the corporation failed to demonstrate independent dominion and control over the accounts in question. *Id.* at 985-86.

Conversely, in *Mantilla v. United States*, we held the claimant had a sufficient possessory interest to confer standing to contest administrative forfeiture as to a portion of drug money seized by agents during an undercover narcotics operation. 302 F.3d 182, 185 (3d Cir. 2002). In that case, the claimant demonstrated dominion and control over the money when he engaged in intense negotiations with undercover agents, resulting in an agreement to deliver an additional $100,000 later that day in exchange for the drugs. *Id.* at 183.

Munoz-Valencia does not claim ownership of the seized currency, but asserts standing based on his possession of the money at the time it was seized. While Munoz-Valencia did have physical possession of the money, he fails to show *colorable* possession because he cannot demonstrate dominion or control. Munoz-Valencia was a courier paid only to accept delivery of the money and to transport it to an unknown place for an unknown person. He did not have authority to make any decisions regarding the money, distinguishing this claim of possession from that deemed sufficient in *Mantilla*. As demonstrated by his telephone conversations with Angela, Munoz-Valencia was told simply to wait for further instructions on where and to whom he was to deliver the money. Given this lack of control, he cannot claim a colorable possessory interest in the money. Accordingly, Munoz-Valencia lacks standing to challenge the forfeiture.

We also find the reasoning of the Fifth Circuit, relied upon by the District Court, to be persuasive. The Fifth Circuit held, on facts similar to those presented here, that unexplained naked possession does not constitute a sufficient possessory interest to confer standing on a claimant. *United States v. $321,470, U.S. Currency,* 874 F.2d 298, 304 (5th Cir. 1989). Recognizing standing exists in the case of a colorably lawful bailment or agency, the Fifth Circuit stated, "a courier carrying cash from an unknown owner to an unknown recipient" is "the ideal mule for drug traffickers," and such a claimant "must be prepared to demonstrate that he has a lawful possessory interest." *Id.* The Ninth, Sixth, and Second Circuits have similarly found unexplained naked

4

possession insufficient to establish standing. *United States v. Currency, U.S. $42,500*, 283 F.3d 977, 983 (9th Cir. 2002); *United States v. $515,060.42*, 152 F.3d 491, 498 (6th Cir. 1989); *See also Mercado v. United States Customs Serv.*, 873 F.2d 641, 645 (2d Cir. 1989) (explaining that possession does not mean mere custody).

For all of the above reasons, we conclude Munoz-Valencia lacks Article III standing to challenge the administrative forfeiture of the $89,465 in U.S. currency seized from him at the Cyril E. King Airport on St. Thomas.

Accordingly, we will affirm the judgment of the District Court.

Counsel's motion to withdraw is denied as premature.